[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON ORDER TO SHOW CAUSE TO OPEN AND MODIFY JUDGMENT
Pending before the court is a motion filed by the plaintiff, Mary Michaels, to open and modify the judgement dissolving her marriage with the defendant Trevor Michaels. The evidence indicates the following.
Prior to the entry of the judgement in this case, the parties were sued by the Hospital of St. Raphael for medical services provided to the defendant. The defendant received actual notice of the lawsuit served on the parties' place of residence, but the plaintiff did not receive actual notice of the lawsuit. A default judgment entered against both parties and a judgement lien was filed on the parties' jointly owned property located in North Branford, Connecticut. Neither party remembers receiving notice of the judgment or the judgment lien.
The judgment lien was filed on June 23, 1997. The defendant filed bankruptcy on July 31, 1997 and received a bankruptcy discharge on November 25, 1997. In his bankruptcy petition the plaintiff listed the debt owed to the Hospital of St. Raphael as an unsecured claim. The petition did not indicate that the claim had been reduced to judgment and was a secured claim as a result of the filing of the judgment lien. The judgment of divorce entered in this case on December 23, 1997. The defendant did not list the Hospital of St. Raphael debt of his financial statement filed in the divorce proceedings because his personal obligation on this debt had been discharged in bankruptcy.
Pursuant to the divorce decree, the property was sold. The judgment lien was identified by the parties at the time of the sale. Although the defendant's personal obligation on the debt was discharged in bankruptcy, the judgment lien would "pass through" the bankruptcy proceedings unless avoided as part of those proceedings. No evidence was presented indicating that the lien was avoided, and thus, the lien would have remained as a claim against the property after the bankruptcy discharge. To acquire a release of the judgment lien in order to accomplish a CT Page 638 sale of the property, the defendant paid $500 on this debt. The judgment creditor collected the balance of the judgment, $1553.32, through an execution on the wages of the plaintiff. In her motion to reopen, the plaintiff seeks to be reimbursed this $1553.32 and to recover attorney's fees and costs.
The court finds that the plaintiff's argument that the defendant committed a fraud or an intentional misrepresentation is not supported by the evidence. Clear and convincing evidence has not been shown to establish fraud and the defendant did not make any "intentional" misrepresentations. The defendant's obligation on the debt was discharged through bankruptcy, and therefore, he did not make a misrepresentation when he failed to list it as a debt on his financial statement.
On the other hand, the defendant's position is contrary to the express language and intent of the divorce decree indicating that neither party would be held responsible for the other's debts that arose during the marriage. The plaintiff's liability for and payment of the husband's medical bill contravenes this aspect of the judgment. More specifically, Article XI of the Separation Agreement incorporated into the divorce decree states: "It is the intention of the parties that, except as otherwise provided in this Agreement, all liability of whatsoever nature, on the part of each to the other, past, present and future, actual or potential, whether arising from their relationship asHusband and Wife or otherwise, shall cease and terminate absolutely and forever." (Emphasis added). The Article further provides that the parties will hold each other harmless and indemnify each other from the future liabilities of the other. From this perspective, the plaintiff's motion may be viewed as a motion to enforce the terms of the judgement as compared to a motion to open and modify it.
Additionally, Article XVII of the Separation Agreement states: "In the event of a substantial omission or misstatement of either party in his or her affidavit, the other party shall have the right to reopen and reform any judgment entered in the pending action incorporating the terms hereof." The failure of the parties to identify explicitly the judgement lien and its amount on their financial affidavits as an encumbrance on the marital residence appears to be a "substantial omission" under the circumstances. The court credits the plaintiff's testimony that her knowledge about the judgment lien, and thus in turn her knowledge about the judgment underlying it, would have been CT Page 639 material to the disposition of the case from her perspective.
Therefore, the plaintiff's motion is granted and the defendant is ordered to pay the plaintiff $1553.32 within sixty days. Pursuant to Article XV of the Separation Agreement the court further awards to the plaintiff attorney's fees of $1,000 which the court finds to be reasonable under all the circumstances, and $108.80 for costs. These fees and costs shall also be paid by the defendant within sixty days.
So ordered January 11, 1999.
Stevens, J.